IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

CALEB BOONE,

      Plaintiff,

Vs.                 No. 21-1146-SAC-GEB

CARL ARTHUR RANEY,

      Defendant.

MEMORANDUM AND ORDER

  The plaintiff Caleb Boone ("Boone") filed this action on June 1, 2021. ECF# 1. In his twenty-page complaint, Boone seeks to recover attorney fees earned in representing the defendant Carl Arthur Raney in Trego County District Court in 2016. Boone asserts he successfully defended Carl Raney against claims over debts allegedly owed his mother and her conservatorship that totaled $256,144.06. ECF# 1, p. 14. The executed contract for legal services entitled Boone to a forty percent contingency fee with an upper limit of $85,000.00. *Id.* at p. 18. Boone alleges Raney did not pay him the fees owed under this contract and also engaged in promissory fraud. For his breach of contract claim, Boone seeks to recover $85,000, and prejudgment interest commencing September 1, 2016, and post judgment interest. On his promissory fraud claim, Boone alleges he was fraudulently induced to enter this contract for services by Raney repeatedly promising to pay this forty percent contingency fee. Boone seeks to recover punitive damages in the amount of $2,500,000.00.

  In his complaint, Boone alleges diversity jurisdiction based upon Raney

1

being a citizen and resident of Nebraska:

> Carl Raney's Nebraska Address is: c/o Jarrod Connor, 605 South Sixth Avenue, Broken Bow, Nebraska 68822. The Defendant Carl Raney is presently living at #23 Santa Elena Road, Corozal Town, Corozal District, Belize, Central America. *See: *Carl Raney v. Wayne Raney, Larry L. Myers Estate and Rosa Lee Raney Estate*, 2020 WL 1009002, 2020 U. S. Dist. LEXIS 37598 (D. Kan. January 9, 2020, Sam A. Crow, Judge) United States District Court for the District of Kansas Case Number 19-CV-4071-SAC-ADM, Order (Doc. No. 16) Filed January 9, 2020, Page 3, Footnote Number 2 (The Honorable Sam A. Crow, Senior District Court Judge).

ECF# 1, ¶ 2. The plaintiff moved the court to direct the clerk of the court to assist his efforts in completing service pursuant to the 1965 Hague Convention on Service of Judicial Documents Abroad. ECF# 3. The Magistrate Judge directed the Clerk of the Court to sign, seal and transmit electronically all the Hague Request and Service Documents to the Belizean Central Authority for service. ECF# 7. On August 30, 2021, the court received and filed the electronic transmission of the certificate of service from Trienia Young, Registrar General, General Registry, Belize City, Belize. ECF# 8. The Certificate attests that personal service of the summons occurred on August 26, 2021, at the address pled in the plaintiff's complaint. The certificate further attests that the service occurred at the residence of a "Caucasian middle age Male person who answered to the name of Carl Arthur Raney." ECF# 8, p. 2. "The documents were left at the feet of Mr. Carl Arthur Raney." *Id*. The plaintiff later had filed an addendum to the amended certificate of Hague Service of Process upon Raney which included a sworn statement from Officer Fitzroy Alvarez, Belize Supreme Court Deputy Marshal, that stated in part, "I Personally Served the Documents set forth therein upon Mr. Carl Arthur Raney on Thursday, August 26, 2021, as set forth

2

therein." ECF# 10, p. 2.

On September 16, 2021, the defendant Raney by fax requested the district court clerk to file his motion to extend time for his answer. ECF# 12. The defendant Raney's motion was filed along with his fax. *Id*. His motion references the documents served upon him and attaches copies for some of them. *Id*. The Magistrate Judge granted the motion giving the defendant until October 8, 2021. ECF# 13. This order was sent by regular mail and email to the defendant Raney. *Id*. The court emailed at the address Raney used and supplied in his faxed motion. ECF## 12 and 13. The defendant Raney did not fax or file anything with the court.

Consequently, on October 13, 2021, the plaintiff Boone applied for a clerk's entry of default. ECF# 15. Two days later, the clerk entered default pursuant to Fed. R. Civ. P. 55(a) as the court's record showed that the defendant Raney had failed to plead or otherwise defend. ECF# 16. Eighty days later, with nothing filed by the defendant Raney, the plaintiff submitted his motion for default judgment and supporting brief. ECF## 17 and 18. That same day, January 3, 2022, the plaintiff filed his corrected motion and corrected brief with supporting attachments. ECF## 19 and 20.

The plaintiff has since filed three more procedural motions. The first is a "motion to correct/explain/validate docketed items" with a supporting memorandum and attachments. ECF## 21 and 22. The second is a motion to supplement its motion to correct. ECF## 23 and 24. The third is a motion for order validating service of motion for default judgment. ECF# 25. These motions are before the district court for

ruling. The court summarily grants the second motion to supplement.

In his motion to correct, the plaintiff asks the court to delete his filings at ECF##17 and 18 as duplicates of his filings at ECF## 19 and 20 or to have the docket sheet reflect that the later filings replace the earlier ones. The court grants this request. The plaintiff also asks the court to find that it was legally sufficient for him to serve by mail his response (ECF# 14) and his application for entry of default (ECF# 15). In his third motion, the plaintiff similarly asks the court to find his service of the motion for default judgment to be valid. ECF# 25. It is well-settled that "the law presumes receipt of a properly addressed piece of mail." *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1340 (10th Cir. 1998). By its express terms, Fed. R. Civ. P. 5(b)(2)(C) makes service "complete upon mailing." The validity of that service is not affected by the addressee's nonreceipt or nonacceptance of the mailings. *Thomas v. Blake*, 15-3257-JAR-KGS, 2019 WL 1596662, at *4 (D. Kan. Apr. 15, 2019). Mailing to a party's last-known address constitutes service. Fed. R. Civ. P. 5(b)(2)(C). *Womack v. Shawnee County D.A.'s Off.*, No. 18-4045-SAC-KGS, 2018 WL 3377089, at *1 (D. Kan. July 11, 2018); *See Trade Well International v. United Central Bank,* 825 F.3d 854, 860 (7th Cir. 2016) (differentiates between Rule 4 service of process under the Hague Convention and Rule 5(b)(2)(C) service of default judgment motion with the latter being sufficient upon mailing to the last known address). The court would apply this law in deciding any dispute over the adequacy of the plaintiff complying with Fed. R. Civ. P. 5(b) in serving his pleadings and motions after the original complaint. Because the defendant has not contested service, the court refrains from making any advisory

rulings.

IT IS THEREFORE ORDERED that the plaintiff's "motion to correct/explain/validate docketed items" (ECF# 21) is granted only to the extent that the clerk will amend the docket to reflect that the plaintiff's filings at ECF##17 and 18 are replaced with the plaintiff's filings at ECF## 19 and 20;

IT IS FURTHER ORDERED that the plaintiff's motion to supplement (ECF# 23) his motion to correct is granted;

IT IS FURTHER ORDERED that the plaintiff's motion for order validating service of motion for default judgment (ECF# 25) is denied without prejudice.

Dated this 1st day of February, 2022, Topeka, Kansas.

  /s Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge