**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CALEB BOONE,** )
)
**Plaintiff,** )
)
)
**v.** ) **Case No. 21-CV-1146-EFM-GEB**
)
**CARL ARTHUR RANEY,** )
)
**Defendant.** )
)

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on 1) its Order to Show Cause **(ECF No. 52),** 2) Defendant's Motion for Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Federal Law 28 U.S.C. 1332(a) ("Motion to Dismiss") **(ECF No. 54)**, and 3) Plaintiff's Motion to Strike Answer of the Defendant ("Motion to Strike") **(ECF No. 31)**. On November 14, 2022, the Court heard oral argument and conducted a limited evidentiary hearing. During the hearing, the Court permitted the parties to brief an additional issue raised during the hearing. After careful consideration of all briefing and hearing arguments and evidence from the parties, the Court recommends Defendant's Motion to Dismiss be **GRANTED** for the reasons set forth below and orders Plaintiff's Motion to Strike be **FOUND AS MOOT** pending the District Judge's ruling on the undersigned Magistrate Judge's recommendation.

## I. Procedural Background[1]

This is a case brought by Caleb Boone ("Plaintiff") against Carl Arthur Raney ("Raney" or "Defendant"), under Kansas law, for payment for unpaid legal fees and punitive damages. Boone's claims sound in promissory fraud and breach of contract. Both parties proceed pro se in this matter. Plaintiff alleges the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based upon the diversity of the parties. Plaintiff alleges he is a citizen and resident of Hays, Kansas, and he alleges Defendant is a citizen and resident of Custer County, Nebraska whose address is c/o Jarrod Connor, 605 South Sixth Avenue, Broken Bow, Nebraska 68822. Plaintiff's allegation of Defendant's citizenship is based, at least in part, on a January 9, 2020 ruling of District Judge Sam A. Crow in *Raney v. Raney*,[2] where a question arose regarding Raney's citizenship. There, Raney inconsistently alleged he was both, a citizen of Belize, and a United States citizen currently living in Belize.[3] After the issuance of an Order to Show Cause and Response by Raney with evidence he was a citizen of Nebraska, Judge Crow found the show cause order was satisfied.[4]

In Defendant's Answer here, he "denies every allegation made by the Plaintiff in the Complaint, except for those specifically admitted." Defendant does not specifically

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Answer (ECF No. 30), Amended Answer (ECF No. 35), and Order to Show Cause (ECF No. 52). This background information should not be construed as judicial findings or factual determinations.

[2] *Raney v. Raney,* No. 19-4071, 2020 WL 1009002, at *2, n. 2 (D. Kan. Jan. 9, 2020).

[3] *Id*.

[4] *Id.*

admit Plaintiff's allegation that he is a citizen of Nebraska. Thus, based on the language of his Answer, the Court considers it denied. Additionally, Defendant filed an Amended Answer and attaches an affidavit. In his affidavit, Defendant asserts he currently lives in and has his residence in Corazal Town, Belize, Central America. He has lived in Belize since at least 2001.

A question, therefore, arose regarding the domicile of Defendant which could impact subject matter jurisdiction in this case. On May 19, 2022, the Court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction.[5] Defendant in his reply to the Order to Show Cause included a Motion to Dismiss[6] wherein he claims the court is without jurisdiction because he is a United States citizen domiciled in Belize. District Judge Sam A. Crow[7] referred the Motion to Dismiss to the undersigned Magistrate Judge for report and recommendation.[8]

The Court noticed a hearing on Plaintiff's Motion to Strike, the Court's Order to Show Cause, and Defendant's Motion to Dismiss for November 14, 2022.[9] During the hearing, the Court heard evidence from Plaintiff by way of testimony under oath from Defendant, and the parties' argument on the relevant motions. The evidence presented during the hearing raised a singular issue related to Social Security and its effect on jurisdiction which Plaintiff asked the Court leave to brief. The Court granted Plaintiff's

[5] ECF No. 52.
[6] ECF No. 54.
[7] This case was reassigned to Judge Eric F. Melgren on October 7, 2022.
[8] ECF No. 57.
[9] ECF No. 67.

request and set a deadline for the parties to simultaneously brief the Social Security issue discussed during the conference.[10] The supplemental briefing was due on November 28, 2022 and limited to three pages in length.[11] Plaintiff filed his Supplemental Brief;[12] a Motion for Reconsideration;[13] a Motion for Leave to File Under Seal seven exhibits to his Motion for Reconsideration;[14] an Addendum to his Motion for Reconsideration,[15] an Amended Addendum to Plaintiff's Motion for Reconsideration,[16] a Correction of Certain Oral Argument and Written Brief Statements,[17] and a Response to Defendant's Supplemental Briefing.[18] Defendant filed his Supplemental Brief which the Court notes complied with its page limitations[19] and an Objection to Reconsideration and Rehearing Requested by Plaintiff.[20] All totaled, Plaintiff submitted over 100 pages of additional briefing and exhibits for the Court's consideration and nowhere therein does Plaintiff address the Social Security issue he was actually given leave to address.

---

[10] ECF No. 71.
[11] *Id.*
[12] ECF No. 73.
[13] ECF No. 74.
[14] ECF No. 75.
[15] ECF No. 76.
[16] ECF No. 77.
[17] ECF No. 78
[18] ECF No. 80.
[19] ECF No. 72.
[20] ECF No. 79.

## II. Issues Raised in Plaintiff's Supplemental Briefing

### A. Plaintiff's Motion for Reconsideration and Post-Hearing Brief

Although titled a motion for reconsideration, the only order stemming from the hearing on the instant motions allowed the parties to simultaneously brief the Social Security issue. Plaintiff's motion seeks neither reconsideration of that order, nor any order of the Court. Instead, Plaintiff in his Motion for Reconsideration and Post-Hearing Brief seeks a second hearing. A second hearing is not necessary.

Plaintiff complains the hearing was not noticed as an evidentiary hearing. It was not. Plaintiff requested oral argument on the Court's Order to Show Cause, Defendant's Motion to Dismiss, Plaintiff's Motion to Strike, and Plaintiff's Motion for Default Judgment.[21] His motion was granted in part and denied in part,[22] as the Court needed to address the jurisdiction issues before turning to the Motion for Default Judgment, if necessary. The Court allowed Plaintiff to present evidence by inquiry of Defendant, under oath. Plaintiff took advantage of the opportunity and questioned Defendant for several hours, the hearing taking nearly four hours. After which the Court heard argument from the parties.

Plaintiff also complains the hearing was held via Zoom. But his Request for Argument contemplated a hearing either by Zoom or in person.[23] Fed. R. Civ. P. 43(a) permits testimony by contemporaneous transmission, such as a Zoom videoconference, to

[21] ECF No. 63.
[22] ECF No. 66.
[23] ECF No. 63, at 1.

be taken in open court "[f]or good cause in compelling circumstances with the appropriate safeguards."[24] At the time the hearing took place on November 14, 2022, Administrative Order 2022-03 – In re: Covid-19 Pandemic Order Update was in place. It is one of a continuation of Administrative Orders issued by the Court since the start of the Covid-19 pandemic in Kansas in March 2020.[25] The Administrative Order finds "that emergency conditions continue to exist throughout this district, as found by the President and JCUS under the CARES Act" and pursuant to the CARES Act and the Recovery Guidelines gives the presiding judge "discretion to use video and teleconferencing in criminal and civil hearings." Using the Court's discretion and additionally considering the presence of Defendant in Belize, Central America, the Court noticed the hearing via Zoom.

The Court acknowledges both parties had certain technical difficulties during the hearing. At times the audio connection with Plaintiff would cutout and he would have to repeat a portion of his argument or repeat a question. And at most times throughout the conference, Defendant's computer system had a pronounced buzz that all could hear. Defendant would mute his audio when he was not speaking to provide relief from the buzzing sound and frequently had to be reminded to unmute himself when he began to speak again. Although the technology during the hearing was indeed frustrating, the Court was able to grasp full understanding and appreciation of the arguments and testimony of all parties.

---

[24] *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013).
[25] See Court's website at www.ksd.uscourts.gov/standing-orders for text of order.

Lastly, the Court believes Plaintiff, if permitted, would brief and argue the subject matter jurisdiction issue ad infinitum. The Court has considered all of the post-hearing briefing, although it is well beyond the scope and subject matter of that permitted by the Court's Order, as well as the relevant pre-hearing pleadings, motions, and briefing. All total, the Court has reviewed 20 filings in this case with 400 pages of argument, caselaw, and exhibits and the Court heard approximately 4 hours of argument and testimony. The Court has before it the information necessary to make a recommendation to the District Judge on subject matter jurisdiction.

## III. Motion to Strike

Defendant filed his Answer[26] on March 15, 2022, more than 5 months after his extended deadline of October 8, 2021 to answer or otherwise respond. Plaintiff filed a Motion to Strike[27] Defendant's Answer arguing Defendant's delay in response is not due to excusable neglect which would justify a finding of good cause for an extension of time to allow the late Answer. However, federal courts are courts of limited jurisdiction, [28] there is a presumption against the exercise of federal jurisdiction,[29] and "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[30] Therefore the Court must lay aside any discussion of Plaintiff's Motion to Strike until there is a determination of whether subject matter jurisdiction exists.

---

[26] ECF No. 30.
[27] ECF No. 31.
[28] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).
[29] *Id.*
[30] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

## IV. Order to Show Cause and Defendant's Motion to Dismiss

As set out above, Plaintiff alleges the court has subject matter jurisdiction based upon the diversity of the parties. When a question arose regarding Defendant's domicile which in turn raised a question regarding whether the court had subject matter jurisdiction, the undersigned Magistrate Judge issued an Order to Show Cause. When Defendant filed his Reply to that Order, he also asked the court to dismiss the case for lack of subject matter jurisdiction. Plaintiff in response argues Defendant is judicially estopped to deny he is domiciled in Nebraska.

Defendant brings his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) which permits a court to dismiss an action for lack of subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."[31] Here, the motion and responsive briefing challenges the facts upon which subject matter jurisdiction is based. The Court, therefore, "may not presume the truthfulness of the complaint's factual allegations"[32] and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing

[31] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).
[32] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

to resolve disputed jurisdictional facts"[33] without converting the motion to a motion for summary judgment.

### A. Legal Standards

Though Plaintiff has formal legal training, both parties are pro se. Therefore, the Court is mindful of considerations for unrepresented parties. "'A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' but the court will not 'assume the role of advocate for the pro se litigant.'"[34]

#### 1. Limitations on Court's Jurisdiction

Federal courts are courts of limited jurisdiction possessing only that power which is authorized by the Constitution and statute.[35] There is a presumption against jurisdiction and the burden of establishing the contrary "rests upon the party asserting jurisdiction."[36] A federal court lacking subject matter jurisdiction "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."[37] Additionally,

---

[33] *Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987)); *see also Coffman v. Meyers*, No. 06–2297–CM, 2007 WL 1703553, at *2 (D. Kan. June 12, 2007) and *Tallchief v Haden*, No. 12–1093–KGG, 2013 WL 2102885, *2 (D. Kan. May 15, 2013).

[34] *Smith v. Kansas Dept. for Children and Families*, No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[35] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[36] *Id.*

[37] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Tuck v. United Services Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir.1988)).

"if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."[38]

**2. Subject Matter Jurisdiction over United States Citizen Domiciled in a Foreign Country**

Where Defendant denies citizenship in Nebraska and has lived outside the United States off and on since 2001, Defendant's Answer raises a question of his domicile. "A United States citizen domiciled in a foreign country is not a 'citizen[ ] or subject[ ] of a foreign state,' but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1).[39] "Federal courts, then lack jurisdiction over these so-called 'stateless' citizens if the only basis for subject matter jurisdiction is the diversity statute,"[40] as is the case here.

**3. Judicial Estoppel**

"Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."[41] A court in determining diversity jurisdiction, "is concerned with the particular facts applicable to each case, not the prior representations made by a party."[42]

---

[38] *Tuck*, 859 F.2d at 844.

[39] *Jones v. Dalyrmple*, 679 F.App'x 668, 669 (10th Cir. 2017) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989) (emphasis added)).

[40] *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021), *cert. denied*, No. 21-755, 2022 WL 89383 (U.S. Jan. 10, 2022 (citing *Newman-Green*, 490 U.S. at 828-29).

[41] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Ins. Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 702, (1982)); *see also Hahn v. Privilege Underwriters Reciprocal Exchange*, No. 20-0502-GFK, 2021 WL 6062902, *3 (N.D. OK Mar. 17, 2021) (citing cases).

[42] *Mid-Century Ins. Co. v. Johnson*, No. 13-2191-RDR, 2013 WL 3013620, *3 (D. Kan. June 14, 2013).

**4. Domicile**

"[A] natural person is deemed a citizen of the state in which he or she is domiciled."[43] A person's residence is not the equivalent of his domicile and it is a person's domicile that is relevant for determining citizenship.[44] The relevant time period for determining the existence of diversity is at the time the complaint is filed.[45] "[A]n individual can only have one domicile at a time."[46] But a person's domicile is subject to change. "A change of domicile is valid even if done for the purpose of creating diversity, and no minimum period of residency is required."[47] For diversity jurisdiction, "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[48]

When a plaintiff's claim of diversity is challenged, the plaintiff has the burden of proof.[49] "There is a presumption favoring an established domicile over a newly acquired one."[50] "In determining where a person is domiciled, the court considers the totality of the evidence."[51] The court "pays particular attention to objective indicia of intent 'such as the place of employment, driver's license, automobile registration, bank accounts, tax

---

[43] *Id.* at *2 (citing *Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th Cir.2006)).
[44] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir.1972)).
[45] *Id.*
[46] *Page*, 2 F.4th at 635 (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).
[47] *Stucky v. Bates*, 2 F.Supp.2d 1434, 1437 (D. Kan.1998) (citing *Cressler v. Neuenschwander*, 930 F.Supp. 1458, 1460 (D. Kan.1996)).
[48] *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).
[49] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).
[50] *Marcotte v. State Farm Fire & Cas. Co.*, 4 F.Supp.2d 1280, 1281 (D. Kan. 1998) (quoting *Stucky v. Bates*, 2 F.Supp.2d 1434, 1436 (D. Kan.1998)).
[51] *Id.*

payments, location of personal property, and voting practices."[52] Additional factors to consider are the party's "social attachments in both states, whether he retains a place of abode or investments in local property or enterprise in the old state of residence, whether he has taken his family and his belongings with him, and the manner in which he lives (i.e., whether he rents or buys a home)."[53]

## B. Discussion

### 1. Judicial Estoppel

Plaintiff initially argued Defendant, because he responded to an Order to Show Cause in another case in this District,[54] indicating at the time he was domiciled in Nebraska, was judicially estopped from alleging he is a domiciled in Belize in this action. Defendant relied on a District of Kansas unpublished March 12, 2010 Memorandum and Order in *Multi-Media Int'l, LLC v. Nat. Pub. Servs., Inc.*, No. 09-2670-KHV, pp. 4-5 where the court discussed a judicial estoppel argument raised by one of the parties, but ultimately found, based on the law of the Tenth Circuit, judicial estoppel was not appropriate. The case there was remanded due to lack of subject-matter jurisdiction. The other cases Plaintiff

[52] *Id.*
[53] *Id.*
[54] *Raney v. Raney*, 19-cv-4071-SAC.

cites in support of this argument either, lack merit as they do not consider judicial estoppel as it applies to subject matter jurisdiction,[55] or are not from this Circuit.[56]

The caselaw in the Tenth Circuit is clear "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."[57] In determining domicile or citizenship for the purpose of diversity jurisdiction, "the court is concerned with the particular facts applicable to each case, not the prior representations made by a party."[58] A party's prior representations, however, might have some impact on the credibility of later representations.[59] The issue of self-serving statements of domicile will be addressed as the Court turns to the domicile issue.

**B. Domicile**

Plaintiff, as the party invoking diversity jurisdiction, bears the burden of proving diversity by a preponderance of the evidence.[60] This burden might be met by reliance on the rebuttable presumption that domicile, once established, remains the same until it is

---

[55] *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005) (arrestees were judicially estopped from asserting civil rights claims contesting the validity of their arrests) and *New Hampshire v. Maine*, 532 U.S. 742 (2001) (New Hampshire was equitably barred from asserting, contrary to its earlier position, that the inland Piscatagua River boundary ran along the Maine shore).

[56] *Kubin v. Miller*, 801 F.Supp. 1101 (S.D. NY 1992).

[57] *Laughlin*, 50 F.3d at 873; *see also Hahn v. Privilege Underwriters Reciprocal Exchange*, No. 20-0502-GFK, 2021 WL 6062902, *3 (N.D. OK Mar. 17, 2021) (citing cases).

[58] *Mid-Century Ins. Co. v. Johnson*, No. 13-2191-RDR, 2013 WL 3013620, *3 (D. Kan. June 14, 2013).

[59] *Id.*

[60] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Mid-Continent Pipe Line Co. v. Whitely*, 116 F.2d 871, 873 (10th Cir. 1940)).

shown to have been changed.[61] The party seeking to rebut the presumptions bears only the burden of production, not persuasion.[62] "In other words, the party seeking to rebut the presumption need only *produce* sufficient evidence suggesting that domicile has changed; the party need not *prove* it."[63] If the presumption is rebutted, it disappears from the case again leaving the party asserting jurisdiction with the burden of proof.[64] In 2019, in *Raney v. Raney*, Defendant came forward with evidence he was a citizen of Nebraska and domiciled in that state sufficient to satisfy the court's show cause order. Judge Crow found Defendant was domiciled in Nebraska at the time the complaint in the *Raney v. Raney* case was filed on August 16, 2019 creating a presumption Defendant remained domiciled in Nebraska at the time Plaintiff filed the complaint in this case on June 1, 2021.

In the instant case, Defendant, during the evidentiary hearing, came forward with evidence creating a rebuttable presumption of his own. Defendant testified he was a resident of Corozal Town, Belize when Plaintiff filed his complaint on June 1, 2021. Although domicile and residence are not necessarily synonymous,[65] residence creates a rebuttable presumption of domicile.[66] Defendant came forward with additional evidence of his domicile in Belize in June 2021. Defendant testified he became a Permanent Resident of Belize in 2001. Although Defendant does not own a home in Belize, he testified he and

---

[61] *Id.* (citing *Mitchell v. United States*, 88 U.S. 350, 353 (1874).
[62] *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994)).
[63] *Id.*
[64] *Id.*
[65] *Bair v. Peck*, 738 F. Supp. 1354, 1355 (D. Kan. 1990) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).
[66] *Coffman v. Meyers*, No. 06–2297–CM, 2007 WL 1703553, at *1 (D. Kan. June 12, 2007); *see also Walden v. Broce Const. Co.*, 357 F.2d 242, 245 (10th Cir. 1966).

his longtime girlfriend live together there with their minor daughter. Their minor daughter has attended school in Belize since 2012. Defendant testified he did not travel to the United States in either 2021 or in 2022.

Defendant also testified he purchased real estate in Belize it in 1993. He does not own any real estate in Nebraska. Defendant further testified he has personal property including registered vehicles in Belize, and he no longer has much personal property in Nebraska. Defendant maintains a driver's license in both, Belize and Nebraska.

Evidence was also presented that Defendant is a director, minority shareholder, and founder of Expat Properties Company Limited which was incorporated in Belize in January of 2018. Although not an employee of Expat Properties, Defendant assists in the construction and remodeling work of the company. Expat Properties maintains bank accounts and pays taxes in Belize. But Belize does not have personal property taxes, Defendant does not pay those taxes in Belize. Neither does he pay taxes in Nebraska. Defendant represented he has no personal bank accounts in either Belize or Nebraska. His only personal accounts are in Kansas.

Defendant has attended church services with his family in Belize, although he does not do so on a regular basis. In the past, Defendant belonged to the Rotary Club in Belize, although he is not currently a member. Defendant neither votes in Belize nor Nebraska. The last election Defendant voted in was sometime prior to 2010 when he voted in the United States. Defendant testified he is physically present in Belize and has no plans to relocate.

Defendant testified about why his domicile changed from Nebraska, as he advised Judge Crow in the *Raney v. Raney* case in 2019, to Belize at the time the Complaint was filed in this action on June 1, 2021. In 2019, Defendant intended at some point to move to Nebraska with his teenage daughter to allow her to attend high school and become familiar with the United States as the family wanted her to attend college here. For Defendant, as for so many others, the Covid pandemic began and changed his plans. Belize entered an extended lockdown period with its borders closed. Classes, however, continued and his daughter has begun her final year of high school, in Belize and she will graduate in 2023. Defendant testified with one of the primary factors in his intent to return to Nebraska gone, by the time Plaintiff filed his Complaint, Defendant no longer considered Nebraska his domicile. Based on the above, Defendant has overcome the rebuttable presumption his domicile is in Nebraska and the burden to establish diversity returns to Plaintiff.

Plaintiff argues evidence which shows Defendant continues to hold a Nebraska driver's license, has received mail related to other cases in Kansas in care of another person in Nebraska, he has not changed his address with United States banks from his prior address in Nebraska, he has adult children who reside in Nebraska and Kansas, his last United States federal tax return filed in 2010 shows Nebraska as Defendant's residence, and previously in the *Raney v. Raney* case asserted his intention to return to his Nebraska domicile are sufficient to meet that burden. The Court disagrees.

Defendant alleges he was a United States citizen domiciled in Belize, Central America at the time the Complaint in this case was filed. "Mere mental fixing of citizenship

is not sufficient."[67] A party's statement of intent to remain in his or her residence is relevant, but given little weight in the overall analysis.[68] "What is in another man's mind must be determined by what he does as well as what he says."[69]

When an allegation of diversity is disputed, the evidence and the inferences and deductions to be fairly drawn from it present a question of fact, it is for the judge who heard and observed the witnesses to decide what inferences and deductions are to be drawn.[70] "The same rule applies when the evidence is undisputed but conflicting inferences or deductions from it are possible."[71] Plaintiff went to great lengths in his post hearing briefing, to provide evidence Defendant has four daughters, rather than the two he testified about during the hearing. Defendant denies this is the case. But even if true, having reviewed the evidence and heard the testimony of Defendant relevant to the issue of his domicile at the time the Complaint was filed in this action, i.e., his residency in Belize and his intention to remain there, the Court finds Defendant's testimony credible to rebut the presumption. Considering the totality of the evidence, the Court finds Plaintiff has not overcome his burden to establish diversity jurisdiction at the time he filed his complaint. Defendant being a United States citizen domiciled in a foreign country is therefore stateless for the purposes of jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1) and the court lacks jurisdiction where the only basis for subject matter jurisdiction is the diversity statute.

---

[67] *Walden*, 357 F.2d at 245.
[68] *Coffman*, at *2 (citing *Bair*, 738 F.Supp. at 1355)).
[69] *Walden*, 357 F.2d at 245.
[70] *Id*, at 244-45.
[71] *Id.*

## V. Recommendation

For the reasons outlined above, **IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss **(ECF No. 54)** be **GRANTED**. Based upon the recommendation the Motion to Dismiss be granted, it is further recommended Plaintiff's Corrected Motion for Default Judgment **(ECD No. 19)** be **DENIED**.

**IT IS ORDERED** this Report and Recommendation be served on the parties via U.S. Mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ P. 72(b), either party may file written objections to the proposed recommendation with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[72]

**IT IS FURTHER ORDERED** Plaintiff's Motion for Reconsideration **(ECF No. 74)** be **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File Under Seal **(ECF No. 75)** be **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike **(ECF No. 31)**, Plaintiff's additional motions at **(ECF Nos. 36, 46, and 47)**,[73] and Defendant's motions at

[72] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

[73] Motion for Extension of Time to Respond to the Defendant's Amended Answer to Complaint (ECF No. 36), Motion to Supplement Brief in Support of Plaintiff's Motion to Strike Defendant's Answer and Plaintiff's Response/Motion to Strike the Defendant's Amended Answer to Complaint (ECF No. 46), and Motion for Extension of Time to Respond to Defendant's Motion to Strike, Response to Order to Show Cause and Brief, and Motion for Sanctions and Brief (ECF No. 47).

**(ECF Nos. 39, 40, 43, and 45)**[74] be **DENIED AS MOOT** pending the District Judge's ruling on the undersigned Magistrate Judge's recommendation.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of December 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

[74] Motion to Strike Plaintiff's Unauthorized Reply to Defendant's Amended Answer (ECF No. 39), Motion for Hearing on Defendant's Motion to Strike (ECF No. 40), Motion to Impose Sanctions Against Plaintiff for Filing of Frivlous (sic) and Abusive Litigation (ECF No. 43), and Motion for Hearing on Motion for Sanctions (ECF No. 45).