UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CALEB BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No. 21-CV-1146-EFM-GEB |
| ) | |
| CARL ARTHUR RANEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Protective Order (**ECF No. 91**). Plaintiff seeks a Protective Order pursuant to Fed. R. Civ. P. 26(c) preventing Defendant and any persons acting upon his direction from contacting, intimidating, or harassing witnesses who signed unsworn declarations Plaintiff filed in support of his Objection to a Report and Recommendation entered by the Undersigned Magistrate Judge. For the reasons explained below, the Court **DENIES** Plaintiff's motion.

## I. Procedural Background[1]

This case was brought by Caleb Boone ("Plaintiff") against Carl Arthur Raney ("Raney" or "Defendant"), under Kansas law, for payment of unpaid legal fees and punitive damages. Early in the case, a question arose regarding the domicile of Defendant which could impact subject matter jurisdiction. On May 19, 2022, the Court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction.[2] Defendant in his reply to the Order to Show Cause included a Motion to Dismiss[3] wherein he claims the court is without jurisdiction because he is a United States citizen domiciled in Belize. The Court convened the parties for a hearing on Plaintiff's Motion to Strike, the Court's Order to Show Cause, and Defendant's Motion to Dismiss for November 14, 2022.[4]

Following the November 14, 2022 hearing and supplemental briefing by the parties, the undersigned Magistrate Judge entered an Order and Report and Recommendation wherein she recommended Defendant's Motion to Dismiss be granted.[5] On January 17, 2023, Plaintiff filed his Objection to the undersigned's Report and Recommendation ("Objection").[6] In support of Plaintiff's Objection, he attached the unsworn declarations of

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Answer (ECF No. 30), Amended Answer (ECF No. 35), and Order to Show Cause (ECF No. 52). This background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 52.
[3] ECF No. 54.
[4] ECF No. 67.
[5] ECF No. 81.
[6] ECF No. 90.

Ebelio Nah, Barbara Clayton, Frederic Descurninges, and Richard Vargas. In the current motion, Plaintiff seeks to protect these declarants from any contact, intimidation, or harassment from Defendant.[7]

## II.     Plaintiff's Motion for Protective Order (ECF No. 91)

### A.     Legal Standards

Although Plaintiff has formal legal training, both parties are pro se. The Court is mindful of considerations for unrepresented parties. "'A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' but the court will not 'assume the role of advocate for the pro se litigant.'"[8]

Fed. R. Civ. P. 26(c) govern protective orders. Generally, it provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….

---

[7] In Plaintiff's Reply (ECF No. 102, at 13-14) he withdrew the affidavit of Ebelio Nah. Plaintiff now seeks a Protective Order as to the remaining declarants Barbara Clayton, Frederic Descurninges, and Richard Vargas.

[8] *Smith v. Kansas Dept. for Children and Families,* No. 14-2499-EFM, 2015 WL 5032060, at * 2 (D. Kan. Aug. 25, 2015) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)).

The decision "[w]hether to enter a protective order rests within the sound discretion of the court."[9]

### B. Discussion

A motion for protective order pursuant to Fed. R. Civ. P. 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff certifies he sent an email to Defendant on the day he filed the current motion asking to confer and by the time he transmitted the motion to the clerk for filing, Defendant had not responded. "'Reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[10] The Court finds Plaintiff did not make a reasonable effort to confer with Defendant prior to submitting his motion to the clerk for filing. However, given the contentious nature of the parties dealings, the Court is unsure, in this case, what benefit would be gained by conferral. Therefore, despite the lack of conferral, the Court will address the merits of Plaintiff's motion.

"Rule 26(c) allows a party (or any person subject to discovery) to seek a protective order to protect **themselves** 'from annoyance, embarrassment, oppression, or undue burden or expense[.]'"[11] Cases in this District support that a party moving for a protective order,

---

[9] *Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.,* No. 19-4007-DDC, 2023 WL 183843, at *2 (D. Kan. Jan. 13, 2023) (quoting *Burnett v. W. Res., Inc.*, No. 95-2145-EEO, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996)).
[10] *Nationwide Mut. Ins. Co. v. Briggs,* No. 11-2119-JTM, 2011 WL 5903536, at *2 (D. Kan. Nov. 23, 2011).
[11] *Orchestrate HR,* 2023 WL 183843, at *3 (emphasis added).

must assert a protective order is needed to protect themselves from the "dangers listed in Rule 26(c)."[12] Here, Plaintiff alleges Defendant's girlfriend and others contacted one of the declarants and tried to get him to retract his declaration. Defendant admits his girlfriend contacted the declarant but denies he had any involvement and denies the declarant was threatened. Plaintiff has made no argument a protective order is necessary to protect himself from annoyance, embarrassment, oppression, or undue burden or expense. Although the Court cautions all parties there should be no intimidation or harassment of any potential witness in this matter, it finds Plaintiff cannot seek a protective order on behalf of the declarants.

### III. Conclusion

For the reasons outlined above, **IT IS THEREFORE ORDERED** that Plaintiff's Motion Protective Order (**ECF No. 91**) be **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of February 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[12] *Id. See also Martley v. City of Basehor, Kan.,* No. 19-02138-DDC-GEB, 2020 WL 4334984, at *3 (D. Kan. July 28, 2020), *objections overruled,* No. 19-2138-DDC-GEB, 2020 WL 5942265 (D. Kan. Oct. 7, 2020); *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 10664465, at *2–3 (D. Kan. Nov. 5, 2009); and *Epling v. UCB Films, Inc.*, Nos. 98-4226-SAC, 98-4227-RDR, 2000 WL 1466216, at *2 (D. Kan. Aug. 7, 2000).