## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CALEB BOONE,

                *Plaintiff,*

  vs.                              Case No. 21-CV-1146-EFM-GEB

CARL ARTHUR RANEY,

                *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Caleb Boone brings suit against Defendant Carl Arthur Raney alleging promissory fraud and breach of contract claims for payment of unpaid legal fees. Plaintiff also seeks punitive damages. Both Plaintiff and Defendant proceed pro se. This matter comes before the Court on Magistrate Judge Gwynne E. Birzer's Order and Report and Recommendation ("R&R") (Doc. 81). She recommends that the Court grant Defendant's Motion to Dismiss (Doc. 54) for lack of subject matter jurisdiction and deny Plaintiff's Corrected Motion for Default Judgment (Doc. 19) because the Court lacks subject matter jurisdiction. Plaintiff filed an objection to Judge Birzer's R&R. For the reasons stated below, the Court overrules Plaintiff's objection, adopts the recommended decision of Judge Birzer, grants Defendant's Motion to Dismiss, and denies Plaintiff's Motion for Default Judgment.

## I.      Factual and Procedural Background

Plaintiff filed suit on June 1, 2021.  He brings claims for promissory fraud and breach of contract against Defendant for unpaid legal fees.[1]  Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.  He alleges that he is a citizen of Kansas.  Plaintiff also alleges that Defendant is presently living in Belize, Central America, has a Nebraska residence and thus is a citizen and resident of Nebraska.

Plaintiff's allegation of Defendant's Nebraska residence is based in part on a footnote from a January 9, 2020, ruling by District Judge Sam A. Crow in *Raney v. Raney*[2] in which a question arose regarding Defendant's citizenship.[3]  In that case, Defendant inconsistently alleged that he was a resident of Belize and a citizen of Nebraska.  After Judge Crow issued a show cause order to determine whether there was diversity jurisdiction, Judge Crow concluded that Defendant's evidence demonstrated that he was a citizen of and domiciled in Nebraska.[4]

In October 2021, approximately four months after Plaintiff filed suit, Plaintiff sought and received a clerk's entry of default.  In early 2022, he filed a Motion for Default Judgment and then a Corrected Motion for Default Judgment.  In March 2022, Defendant filed an Answer, and Plaintiff sought to strike it.

A Notice of Hearing and Order to Show Cause was set for May 12, 2022 before Judge Birzer to determine whether Plaintiff's Motion for Default Judgment should be granted due to

---

[1] This case was previously before Judge Sam Crow, but it was reassigned to the undersigned on October 7, 2022.

[2] No. 19-4071.  Defendant Raney was the plaintiff in that case.

[3] *See* 2020 WL 1009002, at *2 n.2 (D. Kan. 2020).

[4] *Id.*

Defendant's untimely Answer.  After the hearing was set, Defendant filed an Amended Answer, attaching an affidavit stating that Defendant lives in Belize.

Numerous motions were then filed by both parties.  Judge Birzer rescheduled the May 12 hearing to May 24 and indicated that she would hear the pending motions as necessary depending on her ruling on the Notice and Order to Show Cause.[5]  Subsequently, Judge Birzer issued another Notice of Hearing and Order to Show Cause directing Plaintiff to show cause by June 1, 2022, as to why the case should not be dismissed for lack of subject matter jurisdiction.  She cancelled the May 24 hearing and indicated it would be rescheduled, as necessary, following a determination on whether diversity jurisdiction existed in the case.

Plaintiff filed his response to Judge Birzer's Order to Show Cause.  Defendant then filed his reply and a motion to dismiss for lack of subject matter jurisdiction.  In this motion, Defendant contends that he is a United States citizen domiciled in Belize, and the Court does not have subject matter jurisdiction.  Judge Crow referred the motion to dismiss to Judge Birzer for R&R.[6]

In October, Judge Birzer set a hearing for November 14, 2022, on the Show Cause Order, Defendant's motion to dismiss, and Plaintiff's motion to strike answer.  The hearing was held on November 14, and both parties appeared via Zoom.  Judge Birzer heard evidence from Plaintiff by way of testimony under oath from Defendant, and she heard the parties' extensive argument.  After the four-hour hearing, Judge Birzer allowed the parties to simultaneously brief one issue regarding social security and its effect on subject matter jurisdiction.  She limited the parties' briefing to three pages each.

---

[5] At that time, there were 10 pending motions.

[6] As noted above, this case was reassigned to the undersigned several months later.

After the hearing, Plaintiff filed his supplemental brief.  He also filed several additional motions, addendums, and corrections totaling over 100 pages of additional briefing.  Plaintiff did not address the social security issue—the only issue that he was permitted to address—in any of this briefing.  Defendant filed a supplemental brief but also failed to address the social security issue.

Judge Birzer issued her Order and R&R (Doc. 81) on December 13, 2022.  In it, she recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Corrected Motion for Default Judgment be denied.  She determined that the evidence demonstrated that Defendant's residence was in Belize and that he had an intention to remain there.  Thus, she concluded that the Court lacks subject matter jurisdiction.[7]

Judge Birzer allowed the parties to file objections to the R&R within 14 days.  Plaintiff filed his Objection,[8] and Defendant filed a response.  Federal Rule of Civil Procedure 72 only allows an objection and a response to the party's objection.  Thus, the matter is ripe for the Court's consideration.[9]

---

[7] Judge Birzer noted in her R&R that she believed Plaintiff would brief and argue the subject matter jurisdiction issue ad infintum.  At the time of Judge Birzer's R&R, she stated that she had reviewed 20 filings in the case with 400 pages of argument, caselaw, and exhibits.  She also heard approximately four hours of argument and testimony.

Judge Birzer's statement about Plaintiff's extensive briefing proved true.  Since Judge Birzer's R&R was filed, Plaintiff has filed six additional motions and numerous documents totaling approximately 100 pages.  Plaintiff's motion for protective order, which was denied by Judge Birzer, warrants further discussion, and it will be discussed later in this Order.

[8] The Court allowed Plaintiff an additional three weeks to file his objection.

[9] Plaintiff requested additional time to file a reply, but his motion was denied because Fed. R. Civ. P. 72 does not contemplate a reply.  Plaintiff also filed a motion to review the denial of this motion, but the Court denied Plaintiff's motion for review.

## II.     Legal Standard

### A.    Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."[10]   A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[11]  "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.' "[12]  If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations in the complaint as true.[13]

### B.    Objections to a Magistrate Judge's Dispositive Order

The Court reviews de novo any part of a magistrate judge's disposition on dispositive motions to which parties properly object.[14]  A party's objections to a magistrate's order must be timely and specific.[15]  The court "may accept, reject, or modify, in whole or in part, the findings

---

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[11] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[12] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

[13] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

[14] Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

[15] *See* Fed. R. Civ. P. 72(b)(2) (stating objections must be timely filed within fourteen days of the magistrate judge's issuance of a recommendation).

or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions."[16]

### C.   Pro Se Litigants

Both Plaintiff and Defendant appear pro se in this case.  Thus, the Court liberally construes both of their pleadings.[17]  The Court, however, is not an advocate for a pro se litigant.[18]

### III.   Analysis

The Court has reviewed Judge Birzer's R&R.  After a de novo determination upon the record, and reviewing Plaintiff's objection to the R&R, the Court agrees with Judge Birzer's proposed disposition of the case.  Judge Birzer recommended granting Defendant's Motion to Dismiss and denying Plaintiff's Corrected Motion for Default Judgment because the Court does not have subject matter jurisdiction.

In Judge Birzer's R&R, she stated that the Court must satisfy itself that it has subject matter jurisdiction.  Because Defendant denied citizenship in Nebraska, and he had lived outside the United States off and on since 2021, there was a question of his domicile and whether the Court had diversity jurisdiction.[19]  Judge Birzer noted that subject matter jurisdiction cannot be conferred or waived by judicial estoppel,[20] and the Court must consider the facts of each case.

---

[16] 28 U.S.C. § 636(b)(1).

[17] See *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.") (citation omitted).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *See Jones v. Dalrymple*, 679 F. App'x 668, 669 (10th Cir. 2017) (noting that "[a] United States citizen domiciled in a foreign country" is "stateless and unable to assert jurisdiction" under the diversity statute).

[20] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Ins. Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 702 (1982)), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

She then set forth domicile principles such as the relevant time period for determining it is at the time the complaint is filed,[21] and "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[22] She explained that Plaintiff has the burden of proof when diversity is challenged,[23] that "[t]here is a presumption favoring an established domicile over a newly acquired one,"[24] and that the Court considers the totality of the evidence.[25] Judge Birzer noted that the Court "pays particular attention to objective indicia of intent, 'such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices.' "[26]  In addition, social attachments, investments in property, and the location of family and belongings are other factors that courts can consider.[27]

She found that Plaintiff initially met his burden of proving diversity jurisdiction because there was a rebuttable presumption that Defendant was domiciled in Nebraska.  In 2019, in a different case in the District of Kansas,[28] Defendant alleged that he was a citizen of both Belize and a United States citizen living in Belize.[29]  At that time, Judge Crow issued a show cause order

[21] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted).

[22] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

[23] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[24] *Marcotte v. State Farm & Cas. Co.*, 4. F. Supp. 2d 1280, 1281 (D. Kan. 1998) (further citation and quotation omitted).

[25] *Id.*

[26] *Id.* (quoting *Callicrate v. Farmland Indus., Inc.*, 1995 WL 463664, at *5 (D. Kan. 1995)).

[27] *Id.*

[28] *Raney v. Raney*, Case No. 19-4071.

[29] Defendant was the plaintiff in *Raney v. Raney*.

-7-

for Defendant to establish diversity jurisdiction, and Defendant came forward with evidence that he was a citizen of Nebraska.[30]  Thus, there was a presumption that Defendant remained domiciled in Nebraska.

Judge Birzer then found that Defendant rebutted that presumption during the four-hour evidentiary hearing before her.  She found Defendant's testimony credible that he was resident of Belize when Plaintiff filed the complaint on June 1, 2001.  She noted such evidence that (1) he lived there with his longtime girlfriend and minor daughter, (2) he purchased real estate in Belize in 1993 and does not own any real estate in Nebraska, (3) he is a director, minority shareholder, and founder of Expat Properties which is incorporated in Belize, (4) Expat Properties maintains bank accounts and pays taxes in Belize, (5) Defendant does not pay taxes in Nebraska, (6) he does not vote in either Belize or Nebraska, and (6) he is physically present in Belize and has no plans to relocate.

In addition, Judge Birzer noted Defendant's testimony about why his domicile changed from Nebraska to Belize between 2019 and 2021.  Defendant testified that in 2019, he intended to move his teenage daughter to Nebraska to attend high school, but the COVID pandemic began in 2020, and Belize entered an extended lockdown period.  Defendant's daughter continued her education in Belize, is in her final year of high school, and will graduate in 2023.  Thus, Judge Birzer found that Defendant rebutted the presumption, and the burden to establish diversity jurisdiction returned to Plaintiff.

Plaintiff then set forth evidence that (1) Defendant continues to hold a Nebraska driver's license, (2) he has received mail in care of another person in Nebraska, (3) he has not changed his

---

[30] *Raney*, 2020 WL 1009002, at *2 n. 2 (D. Kan. 2020).

address with the United States' banks, (4) he has adult children who reside in Nebraska and Kansas, (5) his last United States federal tax return filed in 2010 shows Nebraska as his residence, and (6) Defendant previously asserted in his 2019 case his intention to return to Nebraska.  Judge Birzer disagreed that this evidence established Nebraska residency.

She noted case law providing that "[m]ere mental fixing of citizenship is not sufficient" to establish intent,[31] and while a party's statement of intent to remain in his residence is relevant, it is "given little weight in the overall analysis."[32]   Judge Birzer determined that Defendant's testimony was credible that he intended to remain in Belize at the time the complaint was filed. She concluded, based on the totality of the evidence, that Plaintiff could not meet his burden to establish diversity jurisdiction.  Thus, she recommended that Defendant's motion to dismiss for lack of subject matter jurisdiction be granted, and Plaintiff's corrected motion for default judgment be denied.

Plaintiff objects to the R&R contending that Judge Birzer's factual and legal conclusions about Defendant's intent to remain in Belize are erroneous in light of all the available evidence. Plaintiff also submits additional evidence in the form of four unsworn declarations of (1) Ebelio Nah, (2) Barbara Clayton, (3) Frederic Descurminges, and (4) Richard Vargas.[33]   The Court must discuss this evidence and what is relevant to the Court's determination.

---

[31] *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966).

[32] *Coffman v. Myers*, 2007 WL 1703553, at *2 (D. Kan. 2007) (citing *Blair v. Peck*, 738 F. Supp. 1354, 1356 (D. Kan. 1990)).

[33] Plaintiff also directs the Court to United States Embassy Travel Alerts regarding repatriation flights from Belize to the United States between April 14, 2020 and September 4, 2020.  Presumably, Plaintiff is attempting to establish that Defendant could have returned to the United States during the lockdown period.  The option to return, however, is not the same as exercising the option to return.  Thus, this evidence is not relevant.

Briefly summarized, Mr. Nah's declaration stated that he had a conversation with Defendant between February and May 2021 in which Defendant stated that he would move back to Nebraska to live when his daughter graduated from high school in Belize.  Mr. Nah's declaration was in Spanish, and Mr. Vargas interpreted this Spanish declaration to English.

Approximately a week after Plaintiff filed his Objection, and accompanying declarations, he filed a Motion for Protective Order.  In this motion, Plaintiff argued that a person on behalf of Defendant was harassing Mr. Nah and intimidating him in Belize.  He sought an order to prevent Defendant, and any persons acting upon Defendant's direction, from contacting, intimidating, or harassing witnesses who signed unsworn declarations.  Judge Birzer ruled on Plaintiff's motion denying his request for a protective order finding that Fed. R. Civ. P. 26 was only applicable to protect the parties themselves.[34]

In this Order, however, Judge Birzer noted that in Plaintiff's reply to the briefing on the protective order, Plaintiff withdrew the designation of Mr. Nah as a potential witness, declarant, or affiant.  The Court has reviewed Plaintiff's reply, and Plaintiff does indeed withdraw the designation of Mr. Nah as a declarant.  Thus, Mr. Nah's declaration, as well as Mr. Vargas's declaration (translating Nah's declaration from Spanish to English), are irrelevant and will not be considered as additional evidence.  Accordingly, the only additional evidence before the Court are the declarations from Ms. Clayton and Mr. Descurminges.

Ms. Clayton claimed that Defendant had the reputation of being a liar.  She also asserted that Defendant told her in 2018 that he would move back to Nebraska after his daughter graduated from high school in Belize.  Mr. Descurminges stated that it was his opinion that Defendant was a

---

[34] In addition, she cautioned all parties to not intimidate or harass potential witnesses.

habitual liar.  This evidence does not change the Court's position with regard to Judge Birzer's determination regarding Defendant's intent.  She found that Defendant intended to remain in Belize at the time the Complaint was filed in 2021.  Ms. Clayton's declaration references Defendant's statement from 2018.  That timeframe is not relevant.  And as Judge Birzer's order noted, "[w]hat is in another man's mind must be determined by what he does as well as what he says."[35]

In addition, although both Ms. Clayton and Mr. Descurminges opined that Defendant is untruthful, Judge Birzer observed Defendant during the hearing and found Defendant's testimony credible.  Judge Birzer's determination that Defendant was credible is entitled to more weight than two unsworn declarations—one of which spoke to Defendant's alleged intent three years ago and one of which did not provide any information regarding Defendant's intent to remain in Belize.  In sum, the Court overrules Plaintiff's objection, and it finds itself in complete agreement with Judge Birzer's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 90) are **overruled**.

**IT IS FURTHER ORDERED** that Magistrate Judge Birzer's Order and Report and Recommendation (Doc. 81) is **adopted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default (Doc. 19) is **denied**.

---

[35] *Walden*, 357 F.2d at 245 (citation omitted).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 54) is **granted**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 4th day of April, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE